TREVOR JOSEPH ZINK
tzink@omnilawgroup.com
OMNI LAW GROUP, APC
1940 Hamilton Ave
San Jose, CA 95125
Telephone: (408) 879-8500
Facsimile: (408) 879-8501

Attorneys for Plaintiffs
MARK KELLY, KELLY'S MANAGEMENT MS,
INC. and SOUTHWEST CONCESSIONS, INC.


SONIA R. MARTIN (SBN 191148)
sonia.martin@dentons.com
JONATHAN A. BRAUNSTEIN (SBN 227322)
jon.braunstein@dentons.com
LYNDY CHANG STEWART (SBN 196455)
lyndy.stewart@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1210
Oakland, California 94612
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendants
SCOTTSDALE INSURANCE COMPANY and
NATIONWIDE MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK KELLY, individually, KELLY'S MANAGEMENT MS, INC., and SOUTHWEST CONCESSIONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTTSDALE INSURANCE COMPANY, subsidiary of Nationwide Mutual Insurance Company, NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio insurance company, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 5:24-cv-01887-PCP <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: May 23, 2024 <br> Time: 1:00 p.m. <br> Courtroom: 8, 4th Floor <br> Judge: Hon. P. Casey Pitts |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), plaintiffs Mark Kelly, Kelly's Management MS, Inc., and Southwest Concessions, Inc. (collectively "Plaintiffs") and defendants Nationwide Mutual Insurance Company ("Nationwide") and Scottsdale Insurance Company ("Scottsdale") submit this Joint Case Management Statement for the Case Management Conference set for May 23, 2024, and respectfully request that the Court adopt it as the Case Management Order. (Nationwide and Scottsdale are collectively referred to as "Defendants." Plaintiffs and Defendants are collectively referred to as the "Parties.")

1. **Jurisdiction and Service**

On February 28, 2024, Plaintiffs commenced an action in the Superior Court of the State of California for the County of Santa Clara. On February 29, 2024, Plaintiffs served the Summons and Complaint in the Superior Court Action on Nationwide through its agent for service of process in California. On March 4, 2024, Plaintiffs served the Summons and Complaint in the Superior Court Action on Scottsdale through its agent for service of process in California. Nationwide and Scottsdale answered the Complaint on March 26, 2024. All parties have been served and the Parties believe there are no issues regarding personal jurisdiction or venue.

On March 27, 2024, Defendants removed the case to this Court pursuant to 28 U.S.C. section 1441. This Court has original jurisdiction over the Superior Court action under 28 U.S.C. section 1332. Plaintiffs and Defendants are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. **Facts**

Plaintiffs seek damages with respect to Defendants' refusal to fully indemnify settlement in an underlying lawsuit filed by Rocio Rivera against Plaintiffs and an individual named Javier Andrade Escoto, who Rivera alleged were her employers ("Underlying Lawsuit"). The Underlying Lawsuit arose out of bodily injuries allegedly sustained by Rivera while on the job. Rivera also alleged wage and hour and other Labor Code violations.

Plaintiffs tendered the Underlying Lawsuit to Scottsdale pursuant to an insurance policy issued to the "Members of the American Vendors Association," policy number CPS2609265 (the "Policy"). Scottsdale provided a defense pursuant to a reservation of rights letter, dated June 30, 2022.

1  Scottsdale disclaimed coverage for Ms. Rivera's wage and hour claims, and reserved its right to
2  disclaim coverage under the worker's compensation and employer's liability exclusions, as well as
3  the Employment-Related Practices Endorsement, "[t]o the extent Mr. Kelly, Kelly's Management or
4  Southwest Concessions is found to have been [Ms. Rivera's] employer."  Scottsdale additionally
5  agreed to defend Mr. Kelly and Southwest, but disclaimed coverage for Kelly's Management
6  because it was not an insured.  Nevertheless, Scottsdale offered to provide Kelly's Management a
7  "courtesy defense."

8  The Underlying Lawsuit was subsequently settled for $250,000.  In light of evidence disclosed
9  during discovery that Mr. Kelly, not Mr. Escoto, was Ms. Rivera's employer, Scottsdale repeatedly
10 advised Mr. Kelly that that it had no duty to indemnify. Nevertheless, Scottsdale offered to make a
11 "gratuitous" contribution to the settlement in the amount of $15,000.

12 Plaintiffs commenced this coverage action against Scottsdale and Nationwide on February 28,
13 2024, asserting claims for:  (1) Breach of Contract, (2) Breach of the Implied Covenant of Good
14 Faith and Fair Dealing, (3) Breach of Contractual Duty to Pay a Covered Insurance Claim, (4) Bad
15 Faith Denial of Insurance Claim, (5) Violations of California Business and Professions Code section
16 17200, et seq., and (6) Unjust Enrichment.

17 This coverage action is *only* about Scottsdale's alleged failure to *fully* indemnify Plaintiffs.
18 Scottsdale defended the Underlying Lawsuit.  Because Scottsdale already contributed $15,000 to the
19 $250,000 settlement of Ms. Rivera's claim, Plaintiffs seek an additional $235,000 in compensatory
20 damages, as well as statutory damages, punitive damages, attorneys' fees, pre- and post-judgment
21 interest, and equitable relief (including disgorgement and restitution).

22      3.     **Legal Issues**
23 One or more party contends the following legal issues are in dispute. This list is non-
24 exhaustive and subject to modification based on ongoing investigation, analysis and discovery:
25      a.     Whether Nationwide is a proper party to the action.
26      b.     Whether Defendants breached the Policy.
27      c.     Whether Plaintiffs breached the Policy.
28      d.     Whether Defendants have a duty to indemnify Plaintiffs.

    e.    Whether various coverage exclusions in the Policy (i.e. expected or intended injury, contractual liability, workers compensation, employer's liability, etc.) apply.

    f.    Whether Defendants violated California's Unfair Competition Law ("UCL") and/or whether Plaintiffs are entitled to damages under the UCL.

    g.    Whether Defendants have been unjustly enriched.

    h.    Whether Plaintiffs are entitled to equitable remedies (including restitution or disgorgement).

    i.    Whether Defendants breached the implied covenant of good faith and fair dealing.

    j.    Whether Plaintiffs breached the implied covenant of good faith and fair dealing and/or have unclean hands.

    k.    Whether and to what extent Plaintiffs sustained damages

    l.    Whether Plaintiffs may recover punitive damages from Defendants.

    m.    Whether Plaintiffs may recover attorneys' fees and costs from Defendants.

4. **Motions**

There are no pending motions before the Court in this case. Defendants anticipate filing (1) a motion for judgment on the pleadings to dismiss Nationwide from this action and to challenge the sufficiency of Plaintiffs' pleading and (2) a motion to strike. There may be discovery motions if/as needed. After discovery, Defendants intend to file a dispositive motion for full or partial summary judgment per Rule 56 of the Federal Rules of Civil Procedure. If it becomes necessary, Defendants will move to bifurcate trial of punitive damages.

5. **Amendment of Pleadings**

Plaintiffs are considering voluntarily dismissing Nationwide from this action without prejudice.

6. **Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The Parties will serve their initial disclosures on or before May 31, 2024.

8. **Discovery**

The Parties plan to conduct discovery regarding all allegations in the complaint. The Parties anticipate propounding written discovery, and deposing the Parties and relevant third-party witnesses. Third party deposition and document subpoenas if/as needed. The Parties do not believe any modification to the Federal Rules or any stipulated e-discovery order is necessary at this time. The Parties have not identified any discovery disputes at this time. All rights reserved, not waived.

9. **Class Actions**

Not applicable.

10. **Related Cases**

There are no currently pending related cases.

11. **Relief**

Plaintiff's Statement

Plaintiff seeks actual and compensatory damages in an amount of not less than $235,000, statutory damages, punitive damages, attorneys' fees, pre- and post-judgment interest, and equitable relief (including disgorgement and restitution).

Defendants' Statement

Defendants seek judgment in their favor.

12. **Settlement and ADR**

It is premature to comment on whether this matter will settle. The Parties will re-visit this issue once basic discovery has been completed. If/when appropriate, Defendants prefer private mediation as opposed to other forms of ADR.

13. **Consent to Magistrate Judge**

The Parties have not consented to the jurisdiction of a Magistrate Judge.

14. **Other References**

None.

15. **Narrowing of Issues**

The Parties anticipate that they may be able to stipulate to certain facts and the authenticity of documents, but believe it is premature to identify those at this time. However, as discovery progresses, the Parties will re-evaluate this issue.

16. **Expedited Trial Procedure**

The Parties do not believe this case should be handled on an expedited basis.

17. **Scheduling**

The Parties propose the following schedule for discovery, motions, and trial:

| | |
|---|---|
| Exchange of Initial Disclosures: | May 31, 2024 |
| Non-expert discovery cut-off: | December 20, 2024 |
| FRCP 26(a)(2) expert disclosures: | January 27, 2025 |
| FRCP 26(a)(2) rebuttal disclosures: | February 27, 2025 |
| Expert Discovery cut-off: | March 31, 2025 |
| Dispositive pre-trial motion hearing cut-off: | May 21, 2025 |
| Pretrial conference statements: | June 11, 2025 |
| Pretrial conference: | June 30, 2025 |
| Trial: | August 18, 2025 |

18. **Trial**

The Parties anticipate trial to last 2-3 days.

19. **Disclosure of Non-Party Interested Entities or Persons**

On March 27, 2024, Defendants filed their Corporate Disclosure Statement and certification of interested entities or persons pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Defendants, by and through its counsel of record, certified that, other than the named parties, there is no such interest to report. It further certified that: Scottsdale Insurance Company is a wholly-owned subsidiary of Nationwide Mutual Insurance Company. Nationwide Mutual Insurance Company has no parent corporation and no publicly-held entity owns 10% or more of its stock. No companies under the Nationwide Mutual Insurance Company umbrella are publicly traded.

Plaintiffs filed their Corporate Disclosure Statement and certification of interested entities and persons pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 on April 3, 2024. Plaintiffs, by and through their counsel of record, certified that, other than the named parties no one has an interest to report. Plaintiffs do not have any parent corporation and no publicly-held entity owns 10 percent or more of its stock.

20. **Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

Dated:  May 9, 2024          OMNI LAW GROUP, APC

By:     /s/ *Trevor J. Zin*k
              Trevor Joseph Zink

Attorneys for Plaintiffs
MARK KELLY, KELLY'S MANAGEMENT MS, INC. and SOUTHWEST CONCESSIONS, INC.

Dated:  May 9, 2024          DENTONS US LLP

By:     */s/ Lyndy Chang Stewart*
              Lyndy Chang Stewart

Attorneys for Defendants
SCOTTSDALE INSURANCE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated:  May 9, 2023          DENTONS US LLP

By:     /s/ *Lyndy Chang Stewart*
              Lyndy Chang Stewart

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CALIFORNIA 94612
(415) 882-5000